# SEALED

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2015 AUG 19 PM 4: 52

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALLEN E. PEITHMAN, JR., SHARON A.
ELDER, JACIE L. SANNE; CORNERSTONE
PLAZA, INC., and AEP PROPERTIES,
L.L.C.,

Defendants.

4:15CR 3091

INDICTMENT
21 U.S.C. §§ 321(n), 331(c), 333(a)(2),
352(a), 352(b), 352(e), 352(f), 841(a)(1),
841(b)(1), 846, 853(a), 854, 856, 863(a);
18 U.S.C. §§ 2, 371, 981(a)(1)(C), 982(a),
1341, 1956(a)(1)(B), 1956(h), 1957,3147;
28 U.S.C. § 2461(c); and 31 U.S.C.
§§ 5317(c), and 5324(a)

The Grand Jury charges that

## COUNT I

### Conspiracy to Distribute Controlled Substances

Between on or about October 1, 2013, and on or about April 23, 2015, in the District of Nebraska, and elsewhere, ALLEN E. PEITHMAN JR., SHARON A. ELDER, JACIE L. SANNE, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute mixtures or substances containing detectable amounts of the following Schedule I substances:

a.    [1–(5–fluoro-pentyl)–1 H–indol–3–yl](2,2,3,3–tetramethylcyclopropyl)
methanone, its optical, positional, and geometric isomers, salts and salts of isomers—
7011 (Other names: 5–fluoro–UR–144, 5- F–UR–144, XLR11, 1–(5–fluoro-pentyl)–3–
(2,2,3,3–tetramethylcyclo-propyl)indole;

b.    N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(4–fluorobenzyl–1H–indazole–3–
carboxamide, its optical, positional, and geometric isomers, salts and salts of isomers—
7012 (Other names: AB–FUBINACA);

c.    N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(cyclohexylmethyl)–1H–indazole–

1

3–carboxamide, its optical, positional, and geometric isomers, salts, and salts of isomers—7031 (Other names: AB–CHMINACA); and

d.      N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–pentyl–1H–indazole–3–carboxamide, its optical, positional, and geometric isomers, salts, and salts of isomers—7023 (Other names: AB–PINACA);

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1).

In violation of Title 21, United States Code, Section 846.

## COUNT II

### Aid and Abet Distribution of Controlled Substance

On or about March 1, 2014, in the District of Nebraska, SHARON A. ELDER, one of the defendants herein, did knowingly and intentionally aid, abet, counsel, command, induce, or procure the distribution of a mixture or substance containing a detectable amount of N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(4–fluorobenzyl–1H–indazole–3–carboxamide, its optical, positional, and geometric isomers, salts and salts of isomers—7012 (Other names: AB–FUBINACA), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

## COUNT III

### Maintaining Drug-Involved Premises

On or about March 1, 2014, in the District of Nebraska, SHARON A. ELDER, one of the defendants herein, did knowingly and intentionally open, lease, rent, use, and maintain a business at 2705 Randolph in Lincoln, Nebraska, named Dirt Cheap, for the purpose of distributing a controlled substance, to wit:  a mixture or substance containing a detectable amount of  N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(4–fluorobenzyl–1H–indazole–3–carboxamide, its optical, positional, and geometric isomers, salts and salts of isomers—7012 (Other names: AB–FUBINACA), a Schedule I controlled substance, and did manage and control Dirt Cheap as

owners, lessees, agents, employees, and mortgagees, and knowingly and intentionally rented, leased, profited from, and made available for use, with or without compensation, Dirt Cheap for the purpose of unlawfully distributing said controlled substance.

In violation of Title 21, United States Code, Section 856.

## COUNT IV

### Aid and Abet Distribution of Controlled Substances

On or about February 27, 2015, in the District of Nebraska, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., defendants herein, did knowingly and intentionally aid, abet, counsel, command, induce, or procure the distribution of mixtures or substances containing detectable amounts of the following Schedule I controlled substances:

      a.      N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(4–fluorobenzyl–1H–indazole–3–carboxamide, its optical, positional, and geometric isomers, salts and salts of isomers—7012 (Other names: AB–FUBINACA); and

      b.      [1–(5–fluoro-pentyl)–1 H–indol–3–yl](2,2,3,3–tetramethylcyclopropyl) methanone, its optical, positional, and geometric isomers, salts and salts of isomers—7011 (Other names: 5–fluoro–UR–144, 5- F–UR–144, XLR11, 1–(5–fluoro-pentyl)–3–(2,2,3,3–tetramethylcyclopropyl)indole).

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

## COUNT V

### Distribution of and Aid and Abet Distribution of Controlled Substance

On or about April 14, 2015, in the District of Nebraska, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, JACIE L. SANNE, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., defendants herein, did knowingly and intentionally distribute and did aid, abet, counsel, command, induce, or procure the distribution of a mixture or substance containing a detectable amount of [1–(5–fluoro-pentyl)–1 H–indol–3–yi](2,2,3,3–tetramethylcyclopropyl) methanone, its optical, positional, and geometric isomers, salts and salts

of isomers—7011 (Other names: 5–fluoro–UR–144, 5- F–UR–144, XLR11, 1–(5–fluoro-pentyl)–3–(2,2,3,3–tetramethylcyclopropyl)indole), a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

<u>COUNT VI</u>

<u>Possession With Intent to Distribute Controlled Substances</u>

On or about April 23, 2015, in the District of Nebraska, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., defendants herein, did knowingly and intentionally possess with intent to distribute mixtures or substances containing detectable amounts of the following Schedule I controlled substances:

      a.      N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(cyclohexylmethyl)–1H–indazole–3–carboxamide, its optical, positional, and geometric isomers, salts, and salts of isomers—7031 (Other names: AB–CHMINACA),

      b.      N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–pentyl–1H–indazole–3–carboxamide, its optical, positional, and geometric isomers, salts, and salts of isomers—7023 (Other names: AB–PINACA;

      c.      [1–(5–fluoro-pentyl)–1 H–indol–3–yl](2,2,3,3–tetramethylcyclopropyl) methanone, its optical, positional, and geometric isomers, salts and salts of isomers—7011 (Other names: 5–fluoro–UR–144, 5- F–UR–144, XLR11, 1–(5–fluoro-pentyl)–3–(2,2,3,3–tetramethylcyclopropoyl)indole; and

      d.      N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(4–fluorobenzyl–1H–indazole–3–carboxamide, its optical, positional, and geometric isomers, salts and salts of isomers—7012 (Other names: AB–FUBINACA).

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and Title 18, United States Code, Section 2.

<u>COUNT VII</u>

<u>Maintaining Drug-Involved Premises</u>

Between at least as early as on or about September 15, 2014, and on or about April 23, 2015, in the District of Nebraska, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., defendants herein, did knowingly and intentionally open, lease, rent, use, or maintain a business located at 1075 N. 33rd Street, Lincoln, Nebraska, called Island Smokes, for the purpose of distributing controlled substances, to wit: mixtures or substances containing detectable amounts of the following Schedule I controlled substances:

     a.    [1–(5–fluoro-pentyl)–1 H–indol–3–yl](2,2,3,3–tetramethylcyclopropyl) methanone, its optical, positional, and geometric isomers, salts and salts of isomers— 7011 (Other names: 5–fluoro–UR–144, 5- F–UR–144, XLR11, 1–(5–fluoro-pentyl)–3– (2,2,3,3–tetramethylcyclopropoyl)indole;

     b.    N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(4–fluorobenzyl–1H–indazole–3– carboxamide, its optical, positional, and geometric isomers, salts and salts of isomers— 7012 (Other names: AB–FUBINACA);

     c.    N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–(cyclohexylmethyl)–1H–indazole– 3–carboxamide, its optical, positional, and geometric isomers, salts, and salts of isomers—7031 (Other names: AB–CHMINACA); and

     d.    N–(1–amino–3–methyl–1–oxobutan–2–yl)–1–pentyl–1H–indazole–3– carboxamide, its optical, positional, and geometric isomers, salts, and salts of isomers— 7023 (Other names: AB–PINACA);

and did manage and control Island Smokes, as owners, lessees, agents, employees, and mortgagees, and knowingly and intentionally rented, leased, profited from, and made available for use, with or without compensation, Island Smokes for the purpose of unlawfully distributing said controlled substances.

In violation of Title 21, United States Code, Section 856.

## COUNT VIII

### Conspiracy to Distribute Drug Paraphernalia

Between on or about October 1, 2013, and on or about August 18, 2015, in the District of Nebraska and elsewhere, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, JACIE L. SANNE, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to sell or offer for sale drug paraphernalia; and to use the mails or any other facility of interstate commerce to transport drug paraphernalia; in violation of Title 21, United States Code, Section 863(a)(1).

In violation of Title 21, United States Code, Section 846.

## COUNT IX

### Investment of Illicit Drug Profits

Between on or about October 1, 2013, and on or about August 18, 2015, in the District of Nebraska, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., defendants herein, received income derived, directly or indirectly, from participation as a principal in violations involving the distribution of controlled substances and conspiracy to distribute and possess with the intent to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1), and 846, and Title 18, United States Code, Section 2, as alleged in Counts I , II, IV, V, and VI of this Indictment, maintaining drug-involved premises in violation of Title 21, United States Code Sections 856 and 846, as alleged in Counts III and VII of this Indictment, and conspiracy to sell or offer for sale drug paraphernalia, in violation of Title 21, United States Code, Sections 863 and 846, as alleged in Count VIII of this Indictment; and did use or invest, directly or indirectly,

any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment of, or operation of any enterprise which is engaged in, or the activities of which affect interstate or foreign commerce, to wit, the following businesses: Dirt Cheap and Island Smokes.

In violation of Title 21, United States Code, Section 854.

## COUNT X

### Conspiracy to Sell Misbranded Substances

1.     At all times relevant to this Indictment, the United States Food and Drug Administration (FDA) was the agency of the United States responsible for, among other things, enforcing the provisions of the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301 *et seq.* The FDA's primary purpose in enforcing the provisions of the FDCA was to protect the public health. The FDA's responsibilities included regulating the manufacturing, labeling, and distribution of drugs shipped or received in interstate commerce. The responsibilities of the FDA include preventing drugs that were not approved for marketing or sale, or which were improperly packaged and labeled, from reaching the market place.

### The Charge:

2.     Between on or about October 1, 2013, and on or about April 23, 2015, in the District of Nebraska, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, JACIE L. SANNE., CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C, the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together, and with other persons, to commit offenses against the United States, and specifically, with the intent to defraud and mislead, defendants conspired to receive and cause the receipt of misbranded drugs into interstate commerce, and to deliver and proffer delivery thereof for pay or otherwise.

In violation of Title 21, United States Code, Sections 331(c) and 333(a)(2).

## Manner and Means

3.     Between or about October 1, 2013, and on or about April 23, 2015, defendants
ALLEN E. PEITHMAN, JR., SHARON A. ELDER, JACIE L. SANNE; CORNERSTONE
PLAZA, INC., and AEP PROPERTIES, L.L.C , conspired to obtain and sell, through businesses
Dirt Cheap and Island Smokes, products which were "drugs," as that term is defined by Title 21,
United States Code, Section 321(g)(1):

a.     On or about May 2, 2008, defendant ALLEN E. PEITHMAN, JR., filed an
Application for Registration of Trade Name with the Nebraska Secretary of State for Dirt
Cheap, listing the office address as 2705 Randolph Street, Lincoln, Nebraska, and stating
the general nature of the business to be retail.

b.     Defendant CORNERSTONE PLAZA, INC., filed Articles of Incorporation with
the Nebraska Secretary of State on May 8, 2014, listing the office address of the
corporation as 2705 Randolph, Lincoln, Nebraska, and the registered agent as defendant
SHARON A. ELDER.  On May 20, 2014, defendant SHARON A. ELDER opened Union
Bank & Trust business checking account #xxxx0947 in the name of CORNERSTONE
PLAZA, INC., listing SHARON A. ELDER as the authorized signer on the account.

c.     On or about September 3, 2014, Defendant AEP PROPERTIES, L.L.C., filed a
Certificate of Organization with the Nebraska Secretary of State on listing defendant
ALLEN E. PEITHMAN, JR., as its registered agent.  AEP PROPERTIES, L.L.C.'s
Operating Agreement lists ALLEN E. PEITHMAN, JR. as the sole member and owner of
the corporation.

8

d.    Beginning at least as early as October 1, 2013, and continuing until at least on or

about August 18, 2015, ALLEN E. PEITHMAN, JR., SHARON A. ELDER,

CORNERSTONE PLAZA, INC., and AEP  PROPERTIES, L.L.C. and owned and

operated Dirt Cheap, a retail business located at 2705 Randolph Street, Lincoln,

Lancaster County, Nebraska.

e.    Beginning at least as early as September 15, 2014, and continuing until at least on

or about April 23, 2015, defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER,

CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C, owned and operated

Island Smokes, a retail business located at 1075 North 33rd Street, Lincoln, Lancaster

County, Nebraska.

4.    Defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, JACIE L.

SANNE, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., obtained and sold

products that they and their suppliers falsely and misleadingly referred to as "incense,"

"potpourri," "spice," and by other erroneous and misleading names, when in fact such products

were drugs, as defined by 21 U.S.C. § 321(g)(1) in that they were articles other than food which

were intended to affect the structure or function of the human body, or were intended for use as a

component of such a drug.

Said drugs were misbranded in the following respects:

(a).    The drugs' labeling did not bear adequate directions for use in violation of 21

U.S.C. § 352(f)(1);

(b).    The drugs' labeling was false and misleading in violation of 21 U.S.C. §§ 352(a)

and 321(n) in at least the following ways:

(i). The drugs' labeling suggested that they were not intended for human use, when in fact such drugs were intended for use by humans;

(ii). The drugs were labeled as "potpourri," "incense," "spice," and under other false and misleading names when in fact the products were intended for use as drugs to affect the structure or any function of the human body;

(c). The drugs, which came in package form, did not have a label containing the name and place of the business of the manufacturer, packer, and distributor; and did not bear a label containing an accurate statement of the quantity of the contents of the package in violation of 21 U.S.C. § 352(b);

(d) The drugs' labeling did not bear the established name of each active ingredient, in violation of 21 U.S.C. § 352(e)(1)(A);

(e) The drugs' labeling did not include adequate warnings against the drugs' use where such use might be dangerous to a person's health, or warnings against unsafe dosages, methods, or durations of administration or application, in such manner and form as were necessary for the protection of users of the drugs in violation of 21 U.S.C. § 352(f)(2).

5. Defendants intended to defraud and mislead government authorities regarding the products' status as drugs, with the purpose of avoiding regulation over the drugs and enabling themselves to continue selling the drugs in exchange for money.

6. It was part of the conspiracy that defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., coordinated the ordering of misbranded drugs from suppliers and manufacturers located outside the State of Nebraska, including, but not limited to, Nevada and New York, for resale through

10

Dirt Cheap and Island Smokes. Said suppliers and manufacturers shipped the drugs to Dirt Cheap and Island Smokes using common carriers such as Federal Express (FedEx), United Parcel Service (UPS) and the United States Mail, and members of the conspiracy received those shipments.

7. Defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, JACIE L. SANNE, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., sold and directed employees of Dirt Cheap and Island Smokes to sell misbranded drugs, including, but not limited to, products described as or marketed as the following, and variations of the same: Passion Sense Twilight, Bizarro, Orgazmo, Mummy's Breath, Get Real, Mardi Gras, No Mames, Platinum, XXX Platinum, Brainfreeze, High Chee, Kisha Kole, The Hedgehog, Black Diamond, Mr. Big Shot, AK-47, California Dreams, Phantom, New Joker, Zero Gravity, and Down2earth.

8. On or between about October 1, 2013, and on or about April 23, 2015, defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., made payments to said out-of-state suppliers in exchange for misbranded drugs, by using checks drawn on West Gate Bank Account #xxxxxx8039, a business checking account held in the name of "Allen Peithman, Doing Business as Dirt Cheap;" checks drawn on Union Bank Account #xxxx0947, a business checking account held in the name of defendant CORNERSTONE PLAZA, INC.; cashiers' checks; Western Union money orders; and United States currency.

<u>Overt Acts:</u>

9. Defendants committed overt acts in furtherance of the conspiracy, including but not limited to the following:

(a).     On or about February 14, 2014, an employee of Dirt Cheap, delivered a

misbranded drug, for pay, after the misbranded drug had been received in

interstate commerce.

(b).     On or about March 1, 2014, an employee of Dirt Cheap, delivered

misbranded drugs, for pay, after the misbranded drugs had been received

in interstate commerce.

(c).     On or about September 26, 2014, an employee of Island Smokes,

delivered misbranded drugs, for pay, after the misbranded drugs had been

received in interstate commerce.

(d).     On or about October 20, 2014, an employee of Island Smokes, delivered

misbranded drugs for pay, after the misbranded drugs had been received in

interstate commerce.

(e).     On or about November 4, 2014, defendant SHARON A. ELDER delivered

a misbranded drug, for pay, after the product was received in interstate commerce.

(f).     On or about January 5, 2015, an employee of Island Smokes, delivered

misbranded drugs for pay, after the misbranded drugs had been received in

interstate commerce.

(g).     On or about February 27, 2015, an employee of Island Smokes delivered

misbranded drugs for pay, after the misbranded drugs had been received in

interstate commerce.

(h).     On or about April 14, 2015, defendants SHARON A. ELDER and JACIE

L. SANNE delivered misbranded drugs, for pay, after the misbranded drugs had

been received in interstate commerce.

(i).    On or between about April 20, 2015, and on or about April 21, 2015, defendant SHARON A. ELDER delivered misbranded drugs, for pay, after the misbranded drugs had been received in interstate commerce.

(j).    On or about April 21, 2015, an employee of Island Smokes, delivered a a misbranded drug, for pay, after the product had been received in interstate commerce.

(k).    On or about April 23, 2015, defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C. possessed misbranded drugs with the intent to deliver said misbranded drugs for pay, after the misbranded drugs had been received in interstate commerce.

In violation of Title 18, United States Code, Section 371 and Title 21, United States Code, Sections 331(c), 333(a)(2), 352(a)(b)(e) and (f).

<u>COUNT XI</u>

<u>Conspiracy to Commit Mail Fraud</u>

1.    Between on or about October 1, 2013, and on or about April 23, 2015, in the District of Nebraska, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C,, defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together, and with other persons, to commit offenses against the United States. Specifically, with the intent to defraud and mislead, defendants conspired to devise and execute a scheme to defraud the public by marketing and distributing misbranded drugs as "potpourri," "incense," "spice" and under other false and misleading names when in fact the products were intended for use as drugs to affect the structure or any function of

13

the human body; and when said misbranded drugs were packaged with labeling which failed to accurately identify the contents of packages and the intended uses; and knowingly caused shipments of products described as or marketed as the following, and variations of the same: Passion Sense Twilight, Bizarro, Orgazmo, Mummy's Breath, Get Real, Mardi Gras, No Mames, Platinum, XXX Platinum, Brainfreeze, High Chee, Kisha Kole, The Hedgehog, Black Diamond, Mr. Big Shot, AK-47, California Dreams, Phantom, New Joker, Zero Gravity, and Down2earth to be delivered by United States Mail and by private and commercial interstate carriers, such as FedEx and UPS.

2.    In furtherance of the conspiracy and scheme, and on the dates set forth in Schedule A, defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., received shipments of misbranded drugs and controlled substances by United States mail, and by private and common carriers as set forth in Schedule A.

SCHEDULE A

| Invoice or Shipping Date | Items Shipped / Delivered | Listed Carrier |
|---|---|---|
| 11/22/13 | Elite Distributing, Las Vegas, NV, shipped Exotic (believed to be synthetic cannabinoid) at a price of $5,800.00 to "Shari" at Dirt Cheap, 2705 Randolph, Lincoln, NE. | FedEx Overnight |
| 12/3/13 | Elite Distributing, Las Vegas, NV, shipped Exotic (believed to be synthetic cannabinoid) at a price of $19,800.00 to "Shari" at Dirt Cheap, 2705 Randolph, Lincoln, NE. | FedEx Overnight |
| 4/30/14 | Real Feel, Porter Ranch, CA, shipped No Mames and Get Real synthetic cannabinoid at a price of $23,637.00 to "Dirt Cheap Tobacco Shop," "2705 Randolph Street, Lincoln, NE. | FedEx |
| 7/8/14 | A.N. (believed to be Aromatic Novelties, Reno, NV) shipped "NM" (believed to be No Mames synthetic cannabinoid) at a price of $11,050.00 to "Sheri" at "Corner Store," Lincoln, NE. | UPS |
| 10/10/14 | Unidentified Supplier shipped No Mames, (illegible)blown, Orgazmo, Twilight, Bizarro, and Zero Gravity (believed to be synthetic cannabinoid) at a price of $20,350.00 to Dirt Cheap, "Sherri Elder", 2705 Randolph St., Lincoln, NE. | FedEx |

14

| Invoice or Shipping Date | Items Shipped / Delivered | Listed Carrier |
|---|---|---|
| 12/30/14 | Unidentified Supplier shipped No Mames, and Get Real, synthetic cannabinoid at a price of $42,500.00 to "Sherri Elder", 2705 Randolph St., Lincoln, NE. | FedEx |
| 2/12/15 | Unidentified Supplier shipped No Mames, synthetic cannabinoid at a price of$6,914.25 to "Sherri Elder", 2705 Randolph St., Lincoln, NE. | FedEx |
| 2/23/15 | A-1 Distribution shipped "BD3, NM3, GR3, GR10, and NM10" (believed to be Black Diamond 3 grams, No Mames 3 grams, Get Real 3 grams, Get Real 10 grams, and No Mames 10 grams packages of synthetic cannabinoid) at a price of $4,900.00 to "Corner Store", Lincoln, NE. | UPS |
| 2/26/15 | A-1 Distribution shipped 300 samples of "BD3, NM3, and GR3," (believed to be Black Diamond 3 grams, No Mames 3 grams, and Get Real 3 grams, packages of synthetic cannabinoid) to "Corner Store", Lincoln, NE. There was no charge or shipping fee for the samples. The normal listed charge for these samples was $9 each. | UPS |
| 4/9/15 | A-1 Distribution shipped 30 samples of "BD3, NM3, and GR3," (believed to be Black Diamond 3 grams, No Mames 3 grams, and Get Real 3 grams, packages of synthetic cannabinoid) to "Corner Store", Lincoln, NE. There was no charge or shipping fee. The normal listed charge for these samples was $7 each. | UPS |

In violation of Title 18, United States Code, Sections 371 and 1341.

<u>COUNT XII</u>

<u>Conspiracy to Structure</u>

1.     Title 31, United States Code, Section 5313, and 31 C.F.R. §§ 103.22(b)(1) and

103.27(a) (re-codified as 31 C.F.R. §§ 1010.311 and 1010.306(a) as of March 1, 2011) required

that a financial institution that engages in a currency transaction involving more than $10,000 in

U.S. Currency must file a report of the transaction with the Internal Revenue Service, and Title

31, United States Code, Section 5325 required that a financial institution that issues a money

order to any individual, in connection with a transaction or group of such contemporaneous

transactions involving United States coins or currency in amounts or denominations of $3,000.00 or more, obtain and record the customer's identification.

2.     31 C.F.R. § 103.22(c)(2) (re-codified as 31 C.F.R. § 1010.313(b)) provided that multiple transactions at the same financial institution on the same day must be treated as a single transaction. Deposits made on weekends or holidays are treated as if received on the next business day.

3.     31 U.S.C. § 5324(a)(3) and 31 C.F.R. § 1010.314(c) made it an offense to structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

4.     31 C.F.R. § 103.11(gg) (re-codified as 31 C.F.R. § 1010.100 (xx)) defined "structuring" to include conducting one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under § 103.22(§ 1010.311). The regulation applied to a person "acting alone, or in conjunction with or on behalf of other persons," and defined "in any manner" to include the breaking down of a single sum of currency exceeding $10,000 into smaller sums, as well as conducting a series of currency transactions, including transactions "at or below $10,000." Finally, the regulation provided that "The transaction or transactions need not exceed the $10,000 reporting threshold at any single financial institution on any single day in order to constitute structuring."

5.     Beginning at least as early as October 1, 2013, and continuing until at least on or about August 18, 2015, defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., maintained bank accounts at U.S. Bank, West Gate Bank, Union Bank and Trust, and Wells Fargo, including the following:

16

| Bank | Account# | Account Name | Signatory(ies) |
|------|----------|--------------|----------------|
| West Gate Bank | xxxxxx8039 | Allen E. Peithman, Jr., dba Dirt Cheap | Allen E. Peithman, Jr. Amy J. Ackerman Sharon A. Elder, POA |
| West Gate Bank | xxxxx7152 | Allen E. Peithman, Jr., dba Dirt Cheap | Allen E. Peithman, Jr. |
| Bank of the West | xxx-xx8521 | Allen Peithman, Jr. | Allen Peithman, Jr. |
| Wells Fargo Bank | xxxxxx9707 | Allen E. Peithman, Jr., dba Dirt Cheap | Allen E. Peithman, Jr. |
| Wells Fargo Bank | xxxxxx4370 | Allen E. Peithman, Jr., dba Dirt Cheap | Allen E. Peithman, Jr. |
| Union Bank & Trust | xxxx3901 | Sharon A. Elder | Sharon A. Elder |
| Union Bank & Trust | xxxx0947 | Cornerstone Plaza, Inc. | Sharon A. Elder |

### The Charge:

6.     Beginning at least as early as October 1, 2013, and continuing until at least August 18, 2015, in the District of Nebraska, and elsewhere, defendants, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., did knowingly and willfully combine, conspire, and agree, with each other and with others known and unknown to the Grand Jury, to structure currency transactions with one or more domestic financial institutions for the purpose of evading the reporting requirements of Title 31, Section 5313, United States Code, and the regulations promulgated thereunder, and to do so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

## Overt Acts:

7.     In furtherance of the conspiracy, and on the dates set forth in Schedule B, defendants ALLEN E. PEITHMAN, JR., and SHARON A. ELDER deposited United States currency into the accounts described in paragraph 5 and in the amounts set forth in Schedule B.

## SCHEDULE B.

| Bank | Last 4 Digits of Account Number | Account Name | Posting Date | Cash Deposits | Total |
|------|------|------|------|------|------|
| West Gate Bank (WGB) | 8039 | Allen E. Peithman, Jr., dba Dirt Cheap (Dirt Cheap checking) | 11/12/13 | $6,020.00 $1,000.00 $1,500.00 $1,803.00 $3,000.00 | $13,323.00 |
| WGB | 8039 | Dirt Cheap checking | 11/20/13 | $8,000.00 $2,825.00 | $10,825.00 |
| WGB | 8039 | Dirt Cheap checking | 12/19/13 | $1,292.00 $4,000.00 $5,000.00 | $10,292.00 |
| WGB | 8039 | Dirt Cheap checking | 1/10/14 | $1,804.00 $8,000.00 | $9,804.00 |
| WGB | 8039 | Dirt Cheap checking | 1/27/14 | $5,000.00 $7,500.00 | $12,500.00 |
| WGB WGB | 8039 7152 | Dirt Cheap checking Allen E. Peithman , Jr, dba Dirt Cheap (Dirt Cheap Savings) | 2/3/14 | $9,500.00 $7,000.00 $10,500.00 | $27,000.00 |
| WGB | 8039 | Dirt Cheap checking | 2/6/14 | $3,500.00 $10,500.00 | $14,000.00 |
| WGB | 8039 | Dirt Cheap checking | 2/10/14 | $9,500.00 | $9,500.00 |
| WGB | 8039 | Dirt Cheap checking | 2/11/14 | $9,500.00 | $9,500.00 |
| WGB | 8039 | Dirt Cheap checking | 2/24/14 | $5,000.00 $8,500.00 | $13,500.00 |
| WGB | 8039 | Dirt Cheap checking | 3/3/14 | $6,500.00 $8,000.00 | $14,500.00 |
| WGB | 8039 | Dirt Cheap checking | 3/4/14 | $9,500.00 | $9,500.00 |
| WGB | 8039 | Dirt Cheap checking | 3/10/14 | $9,000.00 $7,000.00 | $16,000.00 |
| WGB | 8039 | Dirt Cheap checking | 3/17/14 | $2,410.00 $7,000.00 $9,500.00 | $18,910.00 |
| WGB | 8039 | Dirt Cheap checking | 3/18/14 | $4,680.00 $9,000.00 | $13,680.00 |
| WGB | 8039 | Dirt Cheap checking | 3/24/14 | $8,500.00 $7,000.00 | $15,500.00 |
| WGB | 8039 | Dirt Cheap checking | 4/2/14 | $5,000.00 $5,000.00 | $10,000.00 |
| WGB | 8039 | Dirt Cheap checking | 4/7/14 | $5,000.00 $9,500.00 | $14,500.00 |

| Bank | Last 4 Digits of Account Number | Account Name | Posting Date | Cash Deposits | Total |
|------|------|------|------|------|------|
| Bank of the West (BOW) | 8521 | Allen E. Peithman, Jr. (Peithman checking) | 8/15/14 | $8,000.00 | |
| | | | | $2,000.00 | |
| Union Bank & Trust | 0947 | Cornerstone Plaza, Inc. (Cornerstone checking) | | $9,000.00 | |
| (UB&T); Wells Fargo | 9707 | Allen E. Peithman, Jr. dba Dirt Cheap a/k/a Allen E. Peithman, Jr., dba AEP Properties LLC. (DC/AEP checking) | | | $19,000.00 |
| BOW | 8521 | Peithman checking | 8/18/14 | $8,000.00 | |
| Wells Fargo | 9707 | DC/AEP checking | | $2,000.00 | |
| Wells Fargo | 4370 | Allen E. Peithman, Jr., dba Dirt Cheap (Dirt Cheap savings) | | $7,000.00 | |
| UB&T | 0947 | Cornerstone checking | | $7,000.00 | |
| UB&T | 0947 | Cornerstone checking | | $8,000.00 | $32,000.00 |
| BOW | 8521 | Peithman checking | 9/15/14 | $5,000.00 | |
| Wells Fargo | 9707 | DC/AEP checking | | $5,080.00 | |
| UB&T | 0947 | Cornerstone checking | | $5,000.00 | $15,080.00 |
| BOW | 8521 | Peithman checking | 10/21/14 | $7,000.00 | |
| Wells Fargo | 9707 | DC/AEP checking | | $3,180.00 | $10,180.00 |
| UB&T | 0947 | Cornerstone checking | 12/8/14 | $1,000.00 | |
| UB&T | 3901 | Cornerstone checking | | $ 275.00 | |
| BOW | 8521 | Peithman checking | | $11,500.00 | $12,775.00 |
| UB&T | 0947 | Cornerstone checking | 1/8/15 | $ 500.00 | |
| Wells Fargo | 9707 | DC/AEP checking | | $15,000.00 | |
| BOW | 8521 | Peithman checking | | $ 7,000.00 | $22,500.00 |
| Wells Fargo | 9707 | DC/AEP checking | 2/2/15 | $4,500.00 | |
| BOW | 8521 | Peithman checking | | $5,000.00 | |
| UB&T | 0947 | Cornerstone checking | | $2,500.00 | $12,000.00 |
| Wells Fargo | 9707 | DC/AEP checking | 2/27/15 | $8,000.00 | |
| BOW | 8521 | Peithman checking | | $4,000.00 | |
| UB&T | 0947 | Cornerstone checking | | $2,000.00 | $14,000.00 |

8.    In furtherance of the conspiracy, and on the dates set forth in Schedule C,

defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA,

INC., and AEP PROPERTIES, L.L.C., purchased and directed other persons to purchase

Western Union money orders, using United States currency, in the amounts set forth in Schedule

C.

SCHEDULE C

| Date | Payable To: | Number | Value Purchased | Buyer(s) | Purchase Location |
|---|---|---|---|---|---|
| 10/2/13 | Mojo Distributing | 10<br>4 | $4,667.75<br>$3,000.00 | Sharon Elder | EZGo, 2555 "O"<br>Hy-Vee, 5010 "O" |
| 10/17/13 | Mojo Distributing | 8<br>2<br>4 | $4,000.00<br>$1,500.00<br>$2,000.00 | Sharon Elder | EZGo 2555 "O"<br>Hy-Vee, 5010 "O"<br>Kwik Shop, 4400 "O" |
| 12/28/13 |  | 14<br>6 | $7,000.00<br>$3,000.00 | Sharon Elder<br>Haley Lange | U-Stop, 942 S. 27th |
| 5/3/14 | Butler-Whayne | 10<br>4 | $5,000.00<br>$2,000.00 | Sharon Elder<br>Nikita Murphy | U-Stop, 942 S. 27th |
| 5/13/14 | Butler-Whayne<br>Andrew Birddason or<br>Big Bear Distributing | 12<br><br>2 | $6,000.00<br><br>$1,000.00 |  | U-Stop, 942 S. 27th |
| 5/19/14 | Butler-Whayne | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 5/20/14 | A. Novelties/Mojo<br>Distributing | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 5/22/14 | Butler-Whayne | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 5/23/14 | A. Novelties | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 5/30/14 | A. Novelties or Raja<br>Nawaz | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 6/4/14 | A. Novelties or Raja<br>Nawaz | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 6/5/14 | A. Novelties or Raja<br>Nawaz | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 6/6/14 | A. Novelties or Raja<br>Nawaz | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 6/7/14 | Butler-Whayne<br>A. Novelties | 4<br>10 | $2,000.00<br>$5,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 7/10/14 | Butler-Whayne<br>A. Novelties | 7<br>7 | $3,500.00<br>$3,500.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 7/12/14 | A. Novelties | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 7/16/14 | Butler-Whayne | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 7/17/14 | Butler-Whayne | 14 | $7,000.00 | Sharon Elder | U-Stop, 942 S. 27th |
| 7/21/14 | A. Novelties | 14 | $7,000.00 | Dirt Cheap | U-Stop, 942 S. 27th |
| 7/22/14 | A. Novelties | 14 | $7,000.00 | Dirt Cheap | U-Stop, 942 S. 27th |
| 7/23/14 | A. Novelties<br>Butler-Whayne | 10<br>4 | $5,000.00<br>$2,000.00 | Dirt Cheap | U-Stop, 942 S. 27th |
| 7/28/14 | A. Novelties | 8<br>14<br>4 | $4,000.00<br>$7,000.00<br>$2,000.00 | Sharon Elder<br>Dirt Cheap<br>Sharon Elder | EZ Go, 2555 "O"<br>U-Stop, 942 S. 27th<br>Kwik Shop, 2302 Cornhusker |
| 8/01/14 | A. Novelties | 14<br>11<br>4 | $7,000.00<br>$5,500.00<br>$3,999.98 | Sharon Elder | U-Stop, 942 S. 27th<br>EZ Go, 2555 "O"<br>Hy-Vee 5010 "O" |
| 8/03/14 | Butler-Whayne<br>A. Novelties<br>A. Novelties<br>A. Novelties<br>A. Novelties | 12<br>4<br>14<br>2<br>2 | $6,000.00<br>$2,000.00<br>$7,000.00<br>$1,999.99<br>$1,000.00 | Sharon Elder | EZ Go, 2555 "O"<br><br>U-Stop, 942 S. 27th<br>Hy-Vee, 5010 "O"<br>Kwik Shop, 4400 "O" |
| 8/04/14 | Butler-Whayne | 3<br>4<br>12<br>10 | $1,999.99<br>$3,999.98<br>$6,000.00<br>$5,000.00 | Sharon Elder | Kwik Shop, 2302 Cornhusker<br>Hy-Vee, 5010 "O"<br>EZ Go, 2555 "O"<br>U-Stop, 942 S. 27th |
| 8/06/14 | Butler-Whayne | 4<br>8<br>2<br>3 | $2,000.00<br>$4,000.00<br>$1,999.00<br>$1,500.00 | Sharon Elder | Kwik Shop, 2302 Cornhusker<br>EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O"<br>U-Stop, 942 S. 27th |
| 8/18/14 | Butler-Whayne | 12<br>4 | $6,000.00<br>$3,999.98 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O" |
| 8/21/14 | A. Novelties | 8<br>4 | $4,000.00<br>$3,999.98 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O" |
| 8/22/14 | A. Novelties | 12<br>7<br>8 | $6,000.00<br>$3,500.00<br>$4,000.00 | Sharon Elder | EZ Go, 2555 "O"<br>Kwik Shop, 2302 Cornhusker<br>Kwik Shop, 3301 Holdrege |

| Date | Payable To: | Number | Value Purchased | Buyer(s) | Purchase Location |
|---|---|---|---|---|---|
| 8/26/14 | A. Novelties | 12<br>4 | $6,000.00<br>$3,999.98 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O" |
| 9/05/14 | A. Novelties / Real Feel Products<br>A. Novelties / Real Feel Products | 16<br>2 | $8,000.00<br>$1,999.00 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O" |
| 9/15/14 | A. Novelties / Real Feel Products | 3<br>4<br>8<br>4 | $2,999.99<br>$2,000.00<br>$4,000.00<br>$2,000.00 | Sharon Elder | Hy-Vee, 5010 "O"<br>Kwik Shop, 4400 "O"<br>Kwik Shop, 3301 Holdrege<br>EZ Go, 2555 "O" |
| 9/16/14 | (unknown)<br>A. Novelties / Real Feel Products | 8<br>8<br>2<br>8 | $2,000.00<br>$4,000.00<br>$1,999.00<br>$4,000.00 | Allen Peithman<br>Sharon Elder | U-Stop, 942 S. 27th<br>EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O"<br>U-Stop, 942 S. 27th |
| 9/29/14 | A. Novelties / Real Feel Products | 12<br>6<br>7<br>4<br>5 | $6,000.00<br>$5,499.98<br>$3,500.00<br>$2,000.00<br>$4,999.98 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O"<br>Kwik Shop, 4400 "O"<br>Kwik Shop, 3301 Holdrege<br>Hy-Vee, 5020 N. 27th |
| 10/06/14 | A. Novelties / Real Feel Products | 4<br>6<br>6 | $2,000.00<br>$5,999.97<br>$5,996.97 | Sharon Elder | Kwik Shop, 3301 Holdrege<br>Hy-Vee, 7151 Village Lane<br>Hy-Vee, 6001 Village Drive |
| 10/29/14 | Butler-Whayne | 4<br>4 | $2,000.00<br>$3,999.98<br>$3,999.98 | Sharon Elder | Kwik Shop, 3301 Holdrege<br>Hy-Vee, 5010 "O"<br>Hy-Vee, 1601 N. 84th |
| 10/30/14 | Burton-Whayne or Butler-Whayne | 8<br>6<br>4 | $4,000.00<br>$5,999.97<br>$3,999.98 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O<br>Hy-Vee, 5020 N. 27th |
| 11/3/14 | Butler-Whayne | 12<br>2<br>2<br>2 | $6,000.00<br>$1,999.99<br>$1,999.99<br>$1,000.00 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O"<br>Hy-Vee, 5020 N. 27th<br>Kwik Shop, 3301 Holdrege |
| 11/7/14 | Butler-Whayne | 10<br>2<br>2<br>2 | $5,000.00<br>$2,000.00<br>$1,000.00<br>$1,000.00 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O"<br>Kwik Shop, 4400 "O"<br>Kwik Shop, 3301 Holdrege |
| 11/18/14 | Butler-Whayne | 12<br>4<br>4 | $6,000.00<br>$3,999.98<br>$3,999.98 | Sharon Elder | EZ Go, 2555 "O"<br>Hy-Vee, 5010 "O"<br>Hy-Vee, 6001 Village Drive |
| 12/23/14 | Top Notch Novelties | 12<br>3 | $6,000.00<br>$1,500.00 | Sharon Elder | EZ Go, 2555 "O"<br>Kwik Shop, 2710 "W" |
| 1/20/15 | Butler-Whayne | 8<br>4<br>3<br>1 | $4,000.00<br>$2,000.00<br>$1,500.00<br>$700.00 | Sharon Elder | EZ Go, 2555 "O"<br>Kwik Shop, 3301 Holdrege<br>Kwik Shop, 2710 "W"<br>Hy-Vee, 5010 "O" |

In violation of Title 18, United States Code, Section 371 and Title 31, United States Code, Sections 5324(a)(1) and 5324(a)(3).

COUNT XIII

Conspiracy to Money Launder

1.    Beginning at least as early as on or about October 1, 2013, an continuing to at least on or about August 18, 2015, in the District of Nebraska and elsewhere, defendants,

ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP

PROPERTIES, L.L.C., did knowingly combine, conspire, and agree with each other and with others known and unknown to the Grand Jury, to commit offense against the United States, to wit:

(a)   Money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), the elements of which are to knowingly conduct a financial transaction affecting interstate commerce that involved the proceeds of unlawful activity, knowing that the property involved in the transaction represented the proceeds of the unlawful activity, and knowing the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the unlawful activity; and

(b)   Money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), the elements of which are to knowingly conduct a financial transaction affecting interstate commerce that involved the proceeds of a specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under federal law.

(c)   Money laundering in violation of 18 U.S.C. § 1957, the elements of which are to knowingly engage, or attempt to engage in a monetary transaction or in monetary transactions with proceeds of a specified unlawful activity, in an    amount greater than $10,000 by, through, or to a financial institution.

Manner and Means

2.   Beginning at least as early as October 2, 2013, and continuing until at least on or about February 27, 2015, defendants ALLEN E. PEITHMAN, JR., and SHARON A. ELDER structured deposits of United States currency into accounts at West Gate Bank, Union Bank and

Trust, Bank of the West, and Wells Fargo, and structured purchases of Western Union money orders using United States currency as set forth in Count XII and Schedules B and C above, which represented the proceeds of the sale of unlawful products including controlled substances and drug paraphernalia and funds involved in mail fraud as set forth in Counts I through IX and XI, and which represented the proceeds of the sale of such illegal activity commingled with the proceeds of the sale of lawful products.

3.     Beginning at least as early as January 17, 2014, and continuing until at least on or about December 15, 2014, defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C. issued checks drawn on accounts at West Gate Bank, Union Bank and Trust, Bank of the West, and Wells Fargo, using funds which represented the proceeds of the sale of unlawful products including controlled substances and drug paraphernalia and funds involved in mail fraud as set forth in Counts I through IX and XI, and which represented the proceeds of such unlawful activity commingled with the proceeds of the sale of lawful products, including, but not limited to the following:

a.     On or between January 17, 2014 and March 7, 2014, defendant ALLEN E. PEITHMAN, JR. issued six checks on West Gate Bank account xxxxxx8039 in the name of Allen E. Peithman, Jr., dba Dirt Cheap, each in the amount of $25,000.00 to Kim Elder, with notations in the memo portions of the checks denoting them as installments 1 through 6, and obtained a cashier's check in the amount of $24,485.82, dated July 10, 2014, from Bank of the West payable to Union Title and Union Title Company for purchase of real property described as follows:  Lots 5, 6 and 7, Elm Place, Lincoln, Lancaster County, Nebraska, except that portion of Lots 6 and 7 deeded to the City of Lincoln, Nebraska by virtue of Warranty Deed recorded June 13, 1978 as Inst. No. 78-

23

15057 in the office of the Register of Deeds of Lancaster County, Nebraska, commonly known as 810 South 27th Street, Lincoln, Nebraska, using funds from Bank of the West account #xxx-xx8521, in the name of ALLEN E. PEITHMAN, JR..

b.      On or about January 31, 2014, defendant ALLEN E. PEITHMAN, JR., issued check #1678 on the West Gate Bank account xxxxxx8039 in the name of Allen Peithman dba Dirt Cheap in the amount of $11,930.00 to Kim Elder with the words "SILVER & GOLD" written in the memo portion of the check.

c.      On or about July 19, 2014, defendant SHARON A. ELDER purchased a 2012 Chevrolet Equinox LT from Eastep's Wheels in Lincoln, Nebraska using a trade-in and a check in the amount of $8,500.00 drawn on the Union Bank and Trust Company account xxxx0947 in the name of CORNERSTONE PLAZA, INC. This vehicle was jointly titled in the names of SHARON A. ELDER and ALLEN E. PEITHMAN, JR.

d.      On or about August 13, 2014, defendant SHARON A. ELDER issued a check in the amount of $5,000.00 to Nebraska Title Company drawn on the Union Bank and Trust Company account #xxxx0947 in the name of CORNERSTONE PLAZA, INC. with the notation in the memo portion of the check "DWN PMT Peithman."

e.      On or between about August 7, 2014 and on or about April 1, 2015, defendant SHARON A. ELDER, issued 15 checks, each in the amount of $8,000.00, and one check in the amount of $8,570.00 to Kim Elder, all drawn on the Union Bank and Trust Company account #xxxx0947 in the name of CORNERSTONE PLAZA, INC., and on or about December 11, 2014, defendant AEP PROPERTIES, L.L.C., was granted a quitclaim deed to real property described as follows: Pecks Grove (Subdivision of Block

1), Lot A, South 60 feet, North 85 feet, East 1/2, Lincoln, Lancaster County, Nebraska, commonly known as 1075 N. 33rd Street, Lincoln, Lancaster County, Nebraska

f.      On or between October 6, 2014 and December 7, 2014, defendant ALLEN E. PEITHMAN, JR., issued three checks, each in the amount of $7,000.00 to Kim Elder, with checks drawn on Wells Fargo account #xxxxxx9707 in the name of Allen E. Peithman, Jr., d/b/a Dirt Cheap with notations on the memo portions indicating they were the first, second, and third of four payments, respectively.  On or about January 20, 2015, to AEP PROPERTIES, L.L.C. was granted a warranty deed to real property described as follows:  Lot C, Bignell's Replat of Lots 4, 5, 6, 7, 8 and 9, Block 54 of First Addition to Norwood Park, Lincoln, Lancaster County, Nebraska, commonly known as 4254 North 70th Street in Lincoln, Nebraska.

g.      On or about December 15, 2014, defendant SHARON A. ELDER purchased a 2004 Mercedes Benz from Husker Auto Group in Lincoln, Nebraska, issuing a check in the amount of $28,000.00 drawn on the Union Bank and Trust Company account #xxxx0947 in the name of CORNERSTONE PLAZA, INC.

h.      On or about December 30, 2014, defendant ALLEN E. PEITHMAN, JR., issued a check for $1,000.00 payable to NLTA (Nebraska Land Title & Abstract) drawn on the Wells Fargo account #xxxxxx9707 in the name of Allen E. Peithman, Jr., dba Dirt Cheap. The memo portion of the check included the number "1500009."

4.      Beginning at least as early as January 22, 2014, and continuing until at least on or about December 15, 2014, defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C. purchased cashier's checks at West Gate Bank, Union Bank and Trust, Bank of the West, and Wells Fargo, using United States

currency which represented the proceeds of the sale of unlawful products including controlled substances and drug paraphernalia and funds involved in mail fraud as set forth in Counts I through IX and XI, and which represented the proceeds of such unlawful activity commingled with the proceeds of the sale of lawful products, including, but not limited to the following:

a.      On or about January 22, 2014, Dirt Cheap purchased a cashier's check from West Gate Bank in the amount of $10,059.33 payable to MJ Distribution, after providing $10,059.33 in United States currency to West Gate Bank.

b.      On or about February 5, 2014, Dirt Cheap obtained a cashier's check from West Gate Bank in the amount of $6,112.00 payable to MJ Distributing after providing $6,112.00 in United States currency to West Gate Bank.

c.      On or about April 7, 2014, defendant ALLEN E. PEITHMAN, JR., obtained a cashier's check from West Gate Bank in the amount of $30,000.00 payable to Nebraska Title Company for purchase of property described as follows:  Lot 4, Elm Place, an addition to Lincoln, Lancaster County, Nebraska, also known as 2705 Randolph Street, Lincoln, Nebraska, after providing $30,000.00 in United States currency to West Gate Bank.

d.      On or about April 12, 2014, defendant ALLEN E. PEITHMAN, JR., obtained a cashier's check from West Gate Bank in the amount of $13,750.00 payable to Coast Distributing, after providing $13,750.00 in United States currency to West Gate Bank.

e.      On or about August 15, 2014, defendant CORNERSTONE PLAZA, INC. obtained a cashier's check from Union Bank and Trust Company in the amount of $7,000.00 payable to Nebraska Title after providing $7,000.00 in United States currency to Union Bank and Trust Company.

f.     On or about August 18, 2014, defendant ALLEN E. PEITHMAN, JR., obtained a

cashier's check from Bank of the West in the amount of $2,120.00 payable to Nebraska

Title, after providing $2,130.00 in United States currency to Bank of the West to cover

the cashier's check and $10.00 fee.  On or about September 3, 2014, defendant ALLEN

E. PEITHMAN, JR., deposited the cashier's check for $2,120.00 obtained on August 18,

2014, into Bank of the West account #xxx-xx8521 in the name of ALLEN E.

PEITHMAN, JR., endorsed "Not Used for Purposes Intended."

g.     On or about October 21, 2014, defendant ALLEN E. PEITHMAN, JR., obtained a

cashier's check in the amount of $5,228.00 from Bank of the West, payable to Kearney

Coin Center.  The cashier's check was drawn from Bank of the West account #xxx-

xx8521 in the name of ALLEN PEITHMAN, JR., after the deposit of $7,000.00 in

United States currency to that account on the same date.

h.     On or about January 13, 2015, defendant ALLEN E. PEITHMAN, JR., purchased

a cashier's check in the amount of $4,000.00 from Wells Fargo Bank payable to "A-1

DIST" using United States currency.

i.     On or about January 15, 2015, defendant ALLEN E. PEITHMAN, JR., purchased

a cashier's check in the amount of $8,852.42 from Bank of the West payable to Union

Title Company after providing $8,863.00 in United States currency to Bank of the West.

The memo line on the cashier's check contained the notation, "4524 N 70TH ST".

j.     On or about January 15, 2015, defendant ALLEN E. PEITMAN, JR., purchased a

cashier's check in the amount of $96,027.45 from Wells Fargo, payable to NLTA

(Nebraska Land Title & Abstract).  The cashier's check was purchased, in part, using a

withdrawal of $86,017.45 from Wells Fargo account #xxxxxx9707, in the name of Allen

E. Peithman, Jr., dba Dirt Cheap . The memo line of the cashier's check contained the notation, "1500009." The check, along with the $1,000.00 check to NLTA described at paragraph 5(h) above were used for the purchase of an apartment complex described as follows: Lot 1 except the North 125 feet thereof, Block 4 Casino Heights, Lincoln, Lancaster County, Nebraska, commonly known as 119 S. 53rd Street, Lincoln, Lancaster County, Nebraska, and defendant AEP PROPERTIES, L.L.C. was granted a warranty deed to that property on January 20, 2015.

k.     On or about January 21, 2015, defendant ALLEN E. PEITHMAN, JR., purchased a cashier's check in the amount of $4,000.00 from Bank of the West payable to "VATRA" using $4,010.00 in United States currency to Bank of the West. The memo line on the cashier's check contained the notation, "INV #26084".

l.     On or about March 12, 2015, defendant ALLEN E. PEITHMAN, JR., PEITHMAN purchased a cashier's check in the amount of $7,277.00, payable to Ted Becker, from Bank of the West after providing $2,800.0 in United States currency to Bank of the West and writing a check to "Cash" on his Bank of the West account xxx-xx8521 to cover the remainder of the cashier's check and fee. The memo line on the cashier's check contained the notation, "1978 Rolls Royce".

5.     On or about August 21, 2014, defendant ALLEN E. PEITHMAN, JR., used $24,000.00 in United States currency which represented the proceeds of the sale of unlawful products including controlled substances and drug paraphernalia and funds involved in mail fraud as set forth in Counts I through IX and XI, and which represented the proceeds of such unlawful activity commingled with the proceeds of the sale of lawful products to purchase a 2006 Chevrolet Corvette from Texas Hot Rides, L.L.C., in Dallas, Texas.

In violation of Title 18, United States Code, Sections 1956(h).

## COUNT XIV

### Commission of Crimes While on Supervised Release

Between on or about June 23, 2014, and on or about August 18, 2015, defendant ALLEN E. PEITHMAN, JR., committed the offenses set forth in Counts I and IV through XIII, while he was serving a term of supervised release imposed pursuant to 18 U.S.C. § 3583.

In violation of Title 18, United States Code, Section 3147.

### FORFEITURE ALLEGATIONS

1.     The allegations contained in Counts I through IX and XI through XIII of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 31, United States Code, Section 5317(c), Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), Title 21, United States Code, Section 853(a) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offenses listed in Counts XI through XIII of this Indictment, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., defendants herein, shall forfeit to the United States pursuant to Title 31, United States Code, Section 5317(c) and Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and Title 28, United States Code, Section 2461(c) all property, real and personal, involved in the offense, and any property traceable thereto.

3.     Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Counts I through IX, ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., defendants herein, shall be jointly and severally liable to forfeit to the United States of America:

29

a.   any property constituting, or derived from, any proceeds obtained, directly or indirectly as the result of such violation; and

b.   any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4.   The property subject to forfeiture pursuant to paragraphs 1-3 includes, but is not limited to: any interest the defendants ALLEN E. PEITHMAN, JR., SHARON A. ELDER, CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C have in the following:

**Real Property**

a.   Pecks Grove (Subdivision of Block 1), Lot A, South 60 feet, North 85 feet, East 1/2, Lincoln, Lancaster County, Nebraska, commonly known as 1075 N. 33rd Street, Lincoln, Lancaster County, Nebraska;

b.   Lot Four (4), Elm Place, an addition to Lincoln, Lancaster County, Nebraska, commonly known as 2705 Randolph, Lincoln, Lancaster County, Nebraska;

c.   Lots 5, 6 and 7, Elm Place, Lincoln, Lancaster County, Nebraska, except that portion of Lots 6 and 7 deeded to the City of Lincoln, Nebraska by virtue of Warranty Deed recorded June 13, 1978 as Inst. No. 78-15057 in the office of the Register of Deeds, Lancaster County Nebraska, commonly known as 810 South 27th Street, Lincoln, Lancaster County, Nebraska;

d.   Lot C, Bignell's Replat of Lots 4, 5, 6, 7, 8 and 9, Block 54 of First Addition to Norwood Park, Lincoln, Lancaster County, Nebraska, commonly known as 4524 N. 70th Street, Lincoln, Lancaster County, Nebraska;

e.     Lot 1, Except the North 125 feet thereof, Block 4, Casino Heights, Lincoln,

Lancaster County, Nebraska, commonly known as 119 S. 53rd Street, Lincoln, Lancaster

County, Nebraska.

**Vehicles**

e.     2006 Chevrolet Corvette, VIN #1G1YY26U565103906;

f.     2004 Mercedes Benz, VIN #WDBSK74F04F074207;

g.     2012 Chevrolet Equinox, VIN #2GNFLNEK5C6190650;

**Bank Accounts**

h.     Wells Fargo business checking account #xxxxxx9707, in the name of Allen E.

Peithman, Jr., doing business as Dirt Cheap and/or AEP Properties, L.L.C.;

i.     Wells Fargo business savings account #xxxxxx4370, in the name of Allen E.

Peithman, Jr., doing business as Dirt Cheap and/or AEP Properties, L.L.C.;

j.     Union Bank & Trust personal checking account #xxxx3901, in the name of

Sharon A. Elder;

k.     Union Bank & Trust business checking account #xxxx0947, in the name of

Cornerstone Plaza, Inc.;

**Controlled Substances, Drug Paraphernalia, and/or Misbranded Drugs**

l.     3,687 pipes, dugouts, glass pipes, bongs, and water pipes;

m.     45 containers of rolling papers/wraps

n.     572 packages of potpourri

**Money Judgment**

o.     A sum of money equal to the total amount of the proceeds of the violations of the

Controlled Substances Act, as set out in Counts I through IX.

p.     A sum of money equal to the total amount involved in the mail fraud conspiracy as set out in Count XI.

o.     A sum of money equal to the total amount involved in the structuring conspiracy offense, Count XII.

p.     A sum of money equal to the total amount involved in the money laundering conspiracy offense, Count XIII.

5.     If any of the property described above, as a result of any act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 31, United States Code, Section 5317(c), Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

In violation of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), Title 28, United States Code, Section 2461(c) and Title 31, United States Code, Section 5317(c).

A TRUE BILL



FOREPERSON

DEBORAH R. GILG
United States Attorney
District of Nebraska

     The United States of America requests that trial of this case be held in Lincoln, Nebraska,

pursuant to the rules of this Court.

SARA E. FULLERTON
Assistant United States Attorney