IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA,    |              |
|------------------------------|--------------|
| Plaintiffs,                  | 4:15CR3091   |
| vs.                          | **ORDER**    |
| ALLEN E. PEITHMAN JR.,       |              |
| Defendants.                  |              |

The defendant has moved for reconsideration of the order of detention, stating the circumstances have changed since the court first considered release. Specifically, Defendant states he is installing a land line at his home and, upon release, an "electronic monitoring unit, along with GPS monitoring, will insure the government is aware of his whereabouts at all times." (Filing No. 57). He further states the volume of discovery is great, and Defendant will have a very difficult time assisting in his own representation to if he must review this information while in jail.

Under 18 U.S.C. § 3142(f) the magistrate judge may only review detention if "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the amelioration of the risks of nonappearance and safety. Therefore, motions for review of detention must specify the factual basis for the motion, the materiality of the facts to the issues, and that the information was not known previously. The defendant's motion does not include this requisite information.

The volume of discovery is not new information. Based on the government's description of the Rule 16 discovery at the arraignment, the court determined this case is "unusual and complex." And the installation of a landline is not a material change of circumstances warranting reconsideration of my prior detention order. Even in the

absence of a currently installed landline, the court always considers electronic monitoring when deciding if the defendant can be released on conditions pending trial. More often than not, EM conditions are entered before a land line is installed, with that condition of release enforced, or the release itself effective, only after the landline installation. Thus, the court has already considered and concluded EM is not sufficient, either alone or in combination with other conditions, to ameliorate the risks posed by Defendant's release. The court further notes that contrary to Defendant's argument, the EM technology available to this court does not allow the court to monitor Defendant's whereabouts at all times.

Accordingly,

IT IS ORDERED that the defendant's motion to reconsider detention, (filing no. 57), is denied without a hearing.

December 21, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge