IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiffs, vs. ALLEN E. PEITHMAN JR., SHARON A. ELDER, JACIE L. SANNE, CORNERSTONE PLAZA, AND Inc.; and AEP PROPERTIES, L.L.C.; Defendants. | 4:15CR3091 MEMORANDUM AND ORDER |

This matter is before the court on Defendant Elder's Motion for Deposition. (Filing No. 105). For the following reasons, the motion is denied.

BACKGROUND

Elder and her codefendants are charged with conspiracy to distribute controlled substances, namely potpourri, in violation of Title 21, USC §§ 841(a)(1), 841(b)(1), and 846.

As part of her case, Elder plans to raise the public authority defense. Specifically, Elder claims she was contacted near the time specified in the indictment by a senior LPD officer who informed her potpourri was legal in Lincoln and that other city officials indicated the legality of the substance was uncertain. (See Filing No. 105 at CM/ECF pp. 4–7). Elder will argue that through these representations, Lincoln officials participated in a "generalized scheme to ensnare local operators into a criminal enterprise." (See Filing Nos. 87, 105). Defendant now seeks to depose LPD Police Chief, Jim Peschong, and to receive all of Chief Peschong's investigative notes.

ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure allows a party to "move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15. To establish the exceptional circumstances required under Rule 15, the movant "must show the witness's unavailability and the materiality of the witness's testimony." United States v. Liner, 435 F.3d 920, 924 (8th Cir. 2006). The main purpose of Rule 15, is "preservation of evidence for use at trial." United States v. Adcock, 558 F.2d 397, 406 (8th Cir. 1977). Rule 15 is not intended "to provide a pretrial method of discovery." Id.; see also United States v. Asmus, 8:08CR195, 2008 WL 4610047 (D. Neb. Oct. 16, 2008) ("the mere need for discovery is not an exceptional circumstance.")

Elder argues that Chief Peschong's potential testimony is "likely critical" to her public authority defense. (Filing No. 106 at CM/ECF p. 1). But Elder fails to provide any information regarding the testimony expected from Chief Peschong. To meet the materiality requirement of Rule 15, the defendant must show more than a speculative statement that the testimony would elicit evidence to support the movant's claims. See Liner, 435 F.3d at 924 (holding that the movant failed to show materiality where he merely outlined what the witness's testimony "might show" and failed to provide other evidence.).[1]

And if the court were to find Chief Peschong's potential testimony is material, Elder has failed to show this witness is unavailable to testify at trial.

---

[1] The court realizes that in support of this motion, Elder attached two "cease and desist" type letters from Lincoln Public officials. (See Filing No. 105 at CM/ECF pp. 4–7). But these letters were not from Chief Peschong and they do not assist in highlighting how Chief Peschong's personal testimony would assist in Elder's defense.

Elder has failed to meet her burden of showing exceptional circumstances exist and warrant permitting deposition discovery under Rule 15.[2]

Accordingly,

IT IS ORDERED that Defendant's Motion for deposition, ([filing no. 105](filing no. 105)), is denied.

Dated this 28th day of July, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[2] The court notes that Elder states in her motion that she will "likely seek to depose Lincoln Police Investigator Daren Reynolds[.]" But Defendant's motion and brief make no further mention of deposing Inv. Reynolds. Therefore, to the extent that Elder is seeking to depose Inv. Reynolds, this request is denied.