# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

          Plaintiffs,

    vs.

ALLEN E. PEITHMANJR., SHARON A.
ELDER, JACIE L. SANNE,  CORNERSTONE
PLAZA, AND Inc.; and  AEP PROPERTIES,
L.L.C.;

          Defendants.

**4:15CR3091**


**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Sharon Elder's Motion to Sever her trial from that of her co-defendants.  (Filing No. 89).  For the reasons set forth below the motion is denied.


## BACKGROUND

Sharon Elder and co-defendants Jacie Sanne, Allen Peithman, AEP Properties LLC, and Cornerstone Plaza, Inc., are charged with conspiracy to distribute various controlled substances in violation of 21 USC § 846. (Filing No. 1). Peithman and Elder, a son and mother, are further charged with conspiracy to distribute controlled substances, conspiracy to distribute misbranded drugs with intent to defraud or mislead, and conspiracy to structure, among other charges. (Id.) The indictment alleges Elder and Peithman were engaged in a scheme to sell synthetic drugs containing multiple illegal substances misbranded as "potpourri." (Filing No. 1 at CM/ECF pp. 9–10). According to the indictment, Elder and Peithman then engaged in illegal schemes such as structuring and the purchasing of investment property with the proceeds from the illegal sales.

Defendant Sanne has pleaded guilty to the charges she faced. The trial for Peithman and Elder was most recently set for October 24, 2016 but has been postponed for the resolution of several pending motions. (Filing No. 133). Elder brings this motion to sever her trial from the trial of Peithman. She argues that a fair trial is impossible without severance.

The undersigned previously denied Elder's motion to sever finding that Elder failed to meet the high burden required for severance. (Filing No. 93). Elder appealed this denial and based upon additional facts provided within Elder's objection, Judge Kopf determined the motion warranted a second review and remanded the motion for further determination. (Filing No. 99).

As ordered by the court, the government has provided the following for *in camera* review: 1) All evidence of statements which the government intends to use at trial that were made by a codefendant being tried and may implicate Defendant Elder; and 2) all exhibits and evidence which the government intends to offer at the trial of Elder's codefendants that will be inadmissible against Elder. (Filing No. 132). The undersigned has reviewed the exhibits and evidence produced for the determination of this motion.

LEGAL ANALYSIS

Generally, persons charged in a conspiracy or jointly indicted on similar evidence should be tried together. U.S. v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009); United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003). Even when joinder is proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, a judge may order severance if joinder at trial will prejudice the defendant. Lewis, 557 F.3d at 609; United States v. Wadena, 152 F.3d 831, 849 (8th Cir. 1998). Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed.R.Crim.P. 14.

When defendants are properly joined, there is a strong presumption for a joint trial because it affords the jury the best perspective on all of the evidence, thereby increasing the

likelihood of a correct outcome. Lewis, 557 F.3d at 609. This presumption can only be overcome if the prejudice is "severe or compelling." United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir.2008). "[A] defendant must show 'real prejudice,' that is, 'something more than the mere fact that [s]he would have had a better chance for acquittal had [s]he been tried separately.'" United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) (citations omitted).

A defendant seeking severance has the heavy burden of demonstrating that the joint trial will impermissibly infringe on her right to a fair trial. United States v. Baker, 98 F.3d 330, 340 (8th Cir. 1996).

> Joint trials of defendants indicted together are generally conducted because they promote efficiency and the interests of justice, Zafiro v. United States, 506 U.S. 534, 538, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), but Rule 14 permits severance if "it appears that a defendant or the government is prejudiced by the joinder." Fed.R.Crim.P. 14. Severance is appropriate "only if there is a serious risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539, 113 S.Ct. 933. It is not an abuse of discretion to deny a severance motion when not every joined defendant has participated in every offense charged, Delpit, 94 F.3d at 1143-44, when evidence which is admissible only against some defendants may be damaging to others, id., or when there is varying strength in the evidence against each defendant. United States v. Dierling, 131 F.3d 722, 734 (8th Cir.1997).

United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004).

First, Elder asserts that her co-defendants "may have given statements which either directly or indirectly incriminate [her]." (Filing No. 89 at CM/ECF p. 3). Elder states the admission of the potential statements will cause her prejudice and creates a problem under Bruton v. United States, 391 U.S. 123 (1968). (Id. at CM/ECF pp. 3–4).

Under Bruton, where one defendant's pretrial confession implicates a codefendant, and the pretrial confession is admissible at trial, severance of the codefendants' trials is necessary.

> [I]n a trial where two or more defendants are tried jointly, the admission of a nontestifying codefendant's confession that expressly implicates the defendant violates the defendant's Sixth Amendment confrontation rights, even if the district court gave the jury limiting instructions to consider the confession only against

the codefendant who confessed. Id. at 126, 88 S.Ct. at 1622–23; United States v. Escobar, 50 F.3d 1414, 1422 (8th Cir.1995) (applying Bruton). However, "[i]f a codefendant's confession does not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and the defendant's name is redacted from the confession." Flaherty, 76 F.3d at 972 (citing Richardson v. Marsh, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987)).

United States v. Melina, 101 F.3d 567, 569-70 (8th Cir. 1996)(abrogated on other grounds). A Bruton violation does not occur if the statement admitted at trial "only inculpates a codefendant inferentially-through linkage to other evidence." United States v. Coleman, 349 F.3d 1077, 1085 (8th Cir. 2003) (citing Richardson, 481 U.S. at 208).

The court has reviewed the evidence of statements made by Peithman that were produced by the government. Peithman has not made statements raising a Bruton issue. Peithman never confessed to the crimes for which he is charged and he does not accuse his co-defendant Elder of breaking any laws. Instead, taken in context, Peithman's statements assert both his and Elder's innocence. He repeatedly states that due diligence was followed in making certain none of the products sold contained illegal substances. The court finds the statements do not directly incriminate Elder of being involved in any of the crimes charged, including the possession and distribution of illegal substances. The use of Peithman's pretrial statements at trial will not violate Bruton.[1]

Elder next claims that the sheer volume of the exhibits will render a jury unable to sift through the evidence to make an individualized determination as to each defendant. A defendant

---

[1] The court notes that several of the statements provided through the government's production were likely not "testimonial" statements which may violate the Confrontation clause. See United States v. Manfre, 368 F.3d 832, 838 n.1 (8th Cir. 2004) (finding conversations with family members were not "testimonial because they were "not the kind of memorialized, judicial-process-created evidence of which Crawford speaks"); United States v. Jones, 716 F.3d 851, 855 (4th Cir. 2013) (holding that inmate's recorded calls were "casual conversations" and not testimonial); United States v. Castro-Davis, 612 F.3d 53, 64-65 (1st Cir. 2010) (finding inmate's recorded phone conversation with his mother was not testimonial); Saechao v. Oregon, 249 Fed. Appx. 678, 679 (9th Cir. 2007) (holding recorded inmate conversation was not testimonial); see also Crawford, 541 U.S. at 51–52 (describing testimonial statements as "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."). However, the court need not make a determination on this issue as the statements made by Piethman did not directly incriminate Elder.

4

can prove real prejudice to his right to a fair trial by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. United States v. Sanchez-Garcia, 685 F.3d 745, 754 (8th Cir. 2012). And massive volumes of evidence may make it impossible for a jury to compartmentalize and assess the guilt or innocence of each defendant independently. See United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998) ("A defendant satisfies the compelling prejudice requirement by showing the jury was unable to sift through the evidence and make an individualized determination as to each defendant.); United States v. Gallo, 668 F.Supp. 736 (E.D. NY 1987) (granting severance where the evidence was "far too extensive and intricate" to expect a jury to discern between defendants); United States v. Sampol, 636 F.2d 621 (D.C. Cir. 1980) (mandating severance where the evidence did not provide a clear distinction between defendants).

However, "severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." U.S. v. Casteel, 663 F.3d 1013, 1019 (8th Cir. 2011). A motion for severance may be denied even when "not every joined defendant has participated in every offense charged," (Thompson, 690 F.3d at 988), or there is "varying strength in the evidence against each defendant." Lee, 374 F.3d at 646(internal citations omitted). Jurors are generally presumed to be capable of compartmentalizing evidence and following limiting instructions. See United States v. Gardner, 396 F.3d 987, 993 (8th Cir. 2005) (holding that courts presume juries will follow limiting instructions). And a severance is not required where there is reasonable ground for believing the jury can separate what is relevant to each defendant. See United States v. Lotsch, 102 F.2d 35, 36 (2d Cir. 1939) (Hand, J.). Therefore, the risk of prejudice posed by joint trials is best cured by jury instructions which direct the jury to give separate consideration to the evidence as to each individual defendant. Sanchez-Garcia, 685 F.3d at 754.

The court has reviewed all the evidence produced by the government that will be admissible against Peithman and inadmissible against Elder. The documentary evidence totals less than 400 pages. Most of these exhibits pertain in some way to financial accounts held by Peithman, and a majority of the pages bear his name and his name alone. The exhibits are not so voluminous or complex that a jury would be unable to comprehend, consider and separate their

relevance as between Peithman and Elder. A jury can sift through the evidence and make an individualized determination to each defendant, especially with thorough jury instructions.

Based on the content of Peithman's statements, Elder further argues that the codefendants will rely on mutually exclusive and antagonistic defenses, and they will likely incriminate each other at every opportunity, (filing no. 89 at CM/ECF p. 3).

> While there are situations in which inconsistent defenses may support a motion for severance, the doctrine is a limited one. . . . The governing standard requires the moving defendant to show that "the defendants present conflicting and irreconcilable defenses and there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty."

United States v. De Luna 763 F.2d 897, 921 (8th Cir. 1985)(citation omitted) see also United States v. Sanstrom, 594 F.3d 634, 644 (8th Cir. 2010). "[T]he desire of one [defendant] to exculpate himself by inculpating another [has] been held to be insufficient grounds to require separate trials." De Luna, 763 F.2d at 921. Regardless, antagonistic defenses do not require the granting of severance where the government presents sufficient evidence to establish the guilt of the defendants. See United States v. Martin, 777 F.3d 984, 994–95 (8th Cir. 2015). "[T]he only time a district court should grant a severance is 'if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Sandstrom, 594 F.3d at 644 (quoting Zafiro v. United States, 506 U.S. 534, 535 (1993)).

Apart from citing to Peithman's statements, Elder has failed to provide any evidence regarding any alleged antagonistic defenses. But upon review of the statements, there is no evidence that the codefendants' defenses conflict so severely that the jury will find both defendants guilty based on the conflict alone. Severance is not required on the basis of antagonistic defenses.[2]

---

[2] Elder also argues she will be prejudiced as Peithman will likely use co-defendant Sanne—with whom he had a prior relationship—as a witness to exculpate himself and inculpate Elder. As proof, Elder points to several statements made by Sanne that may incriminate Elder. However, Elder does not explain how severance would protect her from Sanne's testimony as the government may still call Sanne as a witness at a separate trial.

In conclusion, after reviewing all the evidence and arguments presented, the court concludes Elder has failed to meet the high standard required for severance: She has failed to show a <u>Bruton</u> violation or prejudice will occur if the defendants are tried together.

Accordingly,

IT IS ORDERED that defendant Elder's motion to sever, (Filing No. 89), is denied.

Dated this 15th day of September, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.