IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiffs,  vs.  ALLEN E. PEITHMAN, JR.  Defendants. | 4:15CR3091  **MEMORANDUM AND ORDER** |

Pending before me is Defendant Peithman's motion to reconsider pretrial detention. The motion requests release to treatment at Valley Hope. (Filing No. 155).

This is the second federal criminal case filed against Defendant Peithman. In the first, he was convicted on a charge of Possession of a Firearm by Drug User/Addict, (18 U.S.C. § 922(g)(3)). Following his initial appearance on that case, he was released on conditions. While on release, a fire broke out at his residence, and when officers entered the apartment thereafter to retrieve Defendant's belongings at his request, they found a firearm and drug paraphernalia in the apartment. (U.S. v. Peithman, 4:13-cr-3010, (Filing No. 23)). After being displaced from his home, Peithman rented a hotel room in Lincoln, Nebraska for himself under a fictitious name, along with a separate room at the same hotel for his mother, co-defendant Sharon Elder, paying cash for both rooms. Peithman then gave pretrial services his mother's room number, not his own, as his current address.

A Petition was filed alleging Peithman's possession of a firearm and drug paraphernalia violated the terms of his pretrial release. An arrest warrant was issued. When the Marshal attempted to execute that warrant at the hotel room location Peithman provided to pretrial services, Sharon Elder responded at the door and claimed her son was staying in Omaha. But in fact, Peithman had been staying at the same Lincoln hotel as his mother, using an alias, from the date of the fire until the Marshals were able to arrest him days later.

On January 9, 2014, Peithman was sentenced to 18 months in prison followed by 3 years of supervised released on the 2013 federal criminal case. (U.S. v. Peithman, 4:13-cr-3010, (Filing No. 69)). On August 19, 2015, Peithman was federally indicted a second time on charges of engaging in illegal drug activity. The date range for these pending criminal charges includes time periods when Peithman was subject to pretrial and supervised release conditions for the 2013 federal case. (Filing No. 1).

Peithman was detained on current case from the outset. (Filing No. 23). And while in detention, he attempted to use his attorney as a conduit for mailing communications to his mother, co-defendant Sharon Elder, in violation of the jail's rules and Ms. Elder's conditions of pretrial release. (Filing No. 74). His attorney then had to withdraw because he became a potential government witness to ongoing and further criminal activity by Peithman, and perhaps between Peithman and co-defendant Elder.

This case is now scheduled for trial on November 28, 2016. Considering the totality of the information within the court's records, Peithman's release to any non-custodial setting, including a drug rehabilitation facility, poses a substantial risk of undermining the integrity of the upcoming court proceedings, obstruction of justice, further trial delays, and Peithman's failure to appear at trial.

Accordingly,

IT IS ORDERED: Defendant Peithman's motion to reconsider pretrial detention, (Filing No. 155), is denied.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge