IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 4:15CR3091 |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEN E. PEITHMAN JR., | ) | MEMORANDUM AND ORDER |
| SHARON A. ELDER, | ) | |
| CORNERSTONE PLAZA, INC., AEP | ) | |
| PROPERTIES, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

A conference call with counsel of record was held today. I initiated the conference.

Although all parties requested a trial setting of 15 days, Judge Zwart, understandably at the time she ruled, set this case for a 10-day trial. After a thorough and candid discussion with counsel this morning, I am persuaded that this case cannot be completed within 10 days without pushing the parties and me to err. On the contrary, it will likely take 15 days of trial, closing argument and instructions because this case is especially complex.

This extremely complicated case is predicated upon an indictment alleging 14 counts relating to drug trafficking and other crimes. It also includes complex forfeiture allegations. Here is a summary:

### *Charges*

Count I, Conspiracy to Distribute Controlled Substances
Count II, Aid and Abet Distribution of Controlled Substance
Count III, Maintaining Drug-Involved Premises

Count IV, Aid and Abet Distributed of Controlled Substances
Count V, Distribution of and Aid and Abet Distribution of Controlled Substance
Count VI, Possession With Intent to Distribute Controlled Substances
Count VII, Maintaining Drug-Involved Premises
Count VIII, Conspiracy to Distribute Drug Paraphernalia
Count IX, Investment of Illicit Drug Profits
Count X, Conspiracy to Sell Misbranded Substances
Count XI, Conspiracy to Commit Mail Fraud
Count XII, Conspiracy to Structure
Count XIII, Conspiracy to Money Launder
Count XIV, Commission of Crimes While on Supervised Release

### *Forfeiture*

<u>Real Property</u>

●Pecks Grove (Subdivision of Block 1), Lot A, South 60 feet, North 85 feet, East 112, Lincoln, Lancaster County, Nebraska, commonly known as 1075 N. 33rd Street, Lincoln, Lancaster County, Nebraska;

●Lot Four (4), Elm Place, an addition to Lincoln, Lancaster County, Nebraska, commonly known as 2705 Randolph, Lincoln, Lancaster County, Nebraska;

●Lots 5, 6 and 7, Elm Place, Lincoln, Lancaster County, Nebraska, except that portion of Lots 6 and 7 deeded to the City of Lincoln, Nebraska by virtue of Warranty Deed recorded June 13, 1978 as Inst. No. 78-15057 in the office of the Register of Deeds, Lancaster County Nebraska, commonly known as 810 South 27th Street, Lincoln, Lancaster County, Nebraska;

●Lot C, Bignell's Replat of Lots 4, 5, 6, 7, 8 and 9, Block 54 of First Addition to Norwood Park, Lincoln, Lancaster County, Nebraska, commonly known as 4524 N. 70th Street, Lincoln, Lancaster County, Nebraska;

- Lot 1, Except the North 125 feet thereof, Block 4, Casino Heights, Lincoln, Lancaster County, Nebraska, commonly known as 119 S. 53rd Street, Lincoln, Lancaster County, Nebraska.

Vehicles
- 2006 Chevrolet Corvette, VIN #1G1YY26U565103906;
- 2004 Mercedes Benz, VIN #WDBSK74F04F074207;
- 2012 Chevrolet Equinox, VIN #2GNFLNEK5C6190650;

Bank Accounts
- Wells Fargo business checking account #xxxxxx9707, in the name of Allen E. Peithman, Jr., doing business as Dirt Cheap and/or AEP Properties, L.L.C.;
- Wells Fargo business savings account #xxxxxx4370, in the name of Allen E. Peithman, Jr., doing business as Dirt Cheap and/or AEP Properties, L.L.C.;
- Union Bank & Trust personal checking account #xxxx3901, in the name of Sharon A. Elder;
- Union Bank & Trust business checking account #xxxx094 7, in the name of Cornerstone Plaza, Inc.;

Controlled Substances, Drug Paraphernalia, and/or Misbranded Drugs
- 3,687 pipes, dugouts, glass pipes, bongs, and water pipes;
- 45 containers of rolling papers/wraps
- 572 packages of potpourri

Money Judgment
- A sum of money equal to the total amount of the proceeds of the violations of the Controlled Substances Act, as set out in Counts I through IX.
- A sum of money equal to the total amount involved in the mail fraud conspiracy as set out in Count XI.

- A sum of money equal to the total amount involved in the structuring conspiracy offense, Count XII.
- A sum of money equal to the total amount involved in the money laundering conspiracy offense, Count XIII.

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 31, United States Code, Section 5317(c), Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

The defendants have been unwilling to stipulate as to chain of custody and they demand the testimony of various chemists. While the government agrees that the forfeiture matters can be taken up in the main trial and can be submitted to the jury with the criminal charges, at least one defense counsel was equivocal on that matter.

Trial is presently scheduled to start on Monday, November 28, 2016, and extend through and until Friday, December 9, 2015. While I could try the case during that 10-day time frame, my calendar does not allow for 15 trial days extending into the week of December 12, 2016.

Due to the foregoing, I shall continue this case and give the parties what they all originally requested, that is 15 days to try this case. The government does not object and in fact agrees. The defendants through their counsel do not agree and protest vigorously, although the vigor of their protest is belied by their original request that the trial should

be scheduled for 15 days and the fact that the Clerk's office estimates that no time has run under the Speedy Trial Act. Indeed, there are still pending motions and one pending Finding and Recommendation (submitted on October 31, 2016) on a suppression issue that require resolution. Furthermore, the defendants assert no prejudice from the continuance save for the fact that one defendant remains detained.[1]

IT IS ORDERED that:

(1) The trial of this case is rescheduled to commence on Monday, March 6, 2017, for 15 days, and ending, with submission to the jury, no later than Friday, March 24, 2017, before the undersigned Senior United States District Judge, in Courtroom No. 1[2], at the Robert V. Denney Federal Building and U.S. Courthouse, 100 Centennial Mall North, Lincoln, Nebraska. Since this is a criminal case, the defendants shall be present unless excused by the court.

(2) The time between today's date and the new trial date is excluded under the Speedy Trial Act and in the interest of justice. [18 U.S.C. § 3161(h)(7)(A)&(B)](18 U.S.C. § 3161(h)(7)(A)&(B)).

(3) This case will be the number one case set for trial on March 6, 2017, and take precedence over all other trials during the ensuing 15 days.

DATED this 18th day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] In our conference, the government, without prompting from me, offered to consider whether to look favorably upon request for release if the detained defendant could be placed at a particularly rigorous in-patient treatment center. To be clear, the government made no promises.

[2] The courtroom may change and if so counsel will be notified.