IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:15CR3091 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ALLEN E. PEITHMAN JR., | ) | |
| SHARON A. ELDER, | ) | |
| JACIE L. SANNE, | ) | |
| CORNERSTONE PLAZA, INC., and | ) | |
| AEP PROPERTIES, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a complex criminal case, the trial of which may require 15 days. The indictment (Filing No. 1) is 33 pages long and contains 14 counts (including several schedules), plus forfeiture allegations. To assist the jury in understanding the charges made against the defendants, I propose to mark the indictment as Court's Exhibit 1 and to provide a copy to each member of the jury at the outset of the trial, with a cautionary instruction that the indictment is not evidence. *See United States v. Warner*, 428 F.2d 730, 736 (8th Cir. 1970) ("The sending of an indictment to a jury room is within the discretion of the trial judge."); *United States v. McGrady*, 508 F.2d 13, 21 (8th Cir. 1974) ("The trial court did not abuse its discretion by sending a copy of the indictment into the jury room in view of the fact that he warned the jury that it was not evidence of any kind, but only an accusation."). I may also instruct the jury in general terms regarding the essential elements of the offenses charged. I would like to know in advance of trial whether counsel have any objections to this proposed procedure.

The indictment's forfeiture allegations are contingent upon the conviction of on more of the following defendants: Allen E. Peithman Jr., Sharon A. Elder, Cornerstone Plaza, Inc., and AEP Properties, L.L.C. *See* Filing No. 1 at CM/ECF pp. 29-32. Unless each of these defendants is willing to stipulate that the property listed

in the indictment is subject to forfeiture in the event of a guilty verdict, it will be necessary for the jury to decide whether the property constituted or was derived from any proceeds the defendant obtained, directly or indirectly, as a result of the offense of which the defendant has been found guilty, or was used or was intended to be used, in any manner or part, to commit or to facilitate the commission of an offense of which the defendant has been found guilty. *See* [Eighth Circuit Manual of Model Jury Instructions (Criminal) 6.21.853 (2014)](#).

The Eighth Circuit Judicial Committee on Model Jury Instructions recommends that the guilt phase of the trial be partially bifurcated from the forfeiture phase. In other words, verdicts should first be accepted as to the guilt or innocence of individual defendants, and the jury should then be separately instructed as to forfeiture. *See id.* Under this approach, the court may allow separate arguments on forfeiture, and, as a matter of sound discretion, further testimony. *See id.* I would like input from counsel regarding the procedure that should be followed in this particular case.

Accordingly,

IT IS ORDERED that Judge Kopf and counsel of record shall meet on Thursday, March 2, 2017, at 11:15 a.m. in Judge Kopf's chambers, during which counsel shall be prepared to discuss:
1. Whether there are any objections to providing jurors with copies of the indictment.
2. Forfeiture proceedings and possible stipulations regarding the same.
3. Any other issues that may require the court's attention prior to trial.

DATED this 28th day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge