IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:15CR3091-1 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| ALLEN E. PEITHMAN JR., | ) | AND ORDER |
| Defendant. | ) | |

Preparatory to sentencing, I require input from the government and from Mr. Peithman regarding the jury's finding, made with respect to count 14, that Mr. Peithman committed one or more of the offenses charged in counts 1 and 4-13 while he was serving a term of supervised release. The jury also found Mr. Peithman guilty of the offenses charged in counts 8, 9, 10, 11, and 12, but not guilty on the remaining counts (*i.e.*, counts 1, 4-7, and 13).

Although charged in the indictment as a separate offense, and submitted to the jury for a finding of guilt, it now appears that a violation of [18 U.S.C. § 3147](#) does not constitute a separate offense, but rather, results in an enhanced sentence for the offenses committed while the defendant was on supervised release[1]. The Eighth Circuit has so held. *See [United States v. Feldhacker,](#) 849 F.2d 293, 299 (8th Cir. 1988)* ("[W]e now hold that [18 U.S.C. § 3147](#) . . . provides for an enhancement of sentence, rather than creating a separate

---

[1] [18 U.S.C. § 3147](#) provides:

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to–
    (1) a term of imprisonment of not more than ten years if the offense is a felony; or
    (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

offense that must be separately charged by the grand jury and found by the jury beyond a reasonable doubt."); *United States v. Sink*, 851 F.2d 1120, 1121 (8th Cir. 1988) ("In *Feldhacker*, this Court held that section 3147 merely enhances a sentence imposed for an underlying offense."); *United States v. Lincoln*, 956 F.2d 1465, 1473 (8th Cir. 1992) ("§ 3147 does not create an offense, but merely requires an addition to the sentence for an offense the defendant committed on release."); *cf. United States v. Gillon*, 348 F.3d 755, 757-58 (8th Cir. 2003) (recognizing *Feldhacker* holding while assuming, without deciding, that indictment should include the factual basis for a § 3147 enhancement).

Section 3C1.3 of the Sentencing Guidelines implements § 3147's sentencing enhancement.[2] It states:

> If a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels.

U.S.S.G. § 3C1.3. The application note for § 3C1.3 further states:

> Under 18 U.S.C. 3147, a sentence of imprisonment must be imposed in addition to the sentence for the underlying offense, and the sentence of imprisonment imposed under 18 U.S.C. 3147 must run consecutively to any other sentence of imprisonment. Therefore, the court, in order to comply with the statute, *should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement[3]*. The court will have to ensure that the "total punishment" (i.e., the sentence for the offense committed while on release plus the statutory sentencing enhancement under 18 U.S.C. 3147) is in accord with the guideline range for the offense committed while on release, including, as in any other case in which a Chapter Three adjustment applies (see § 1B1.1 (Application Instructions)), the adjustment provided by the enhancement in this section. For example, if the applicable adjusted guideline range is 30-37 months and the court determines a "total

---

[2]Prior to 2006, the applicable Sentencing Guideline was U.S.S.G. § 2J1.7.

[3]This may be easier said than done. Counsel should be prepared to help phrase any such consecutive enhancement so it is clear to the Bureau of Prisons.

punishment" of 36 months is appropriate, a sentence of 30 months for the underlying offense plus 6 months under 18 U.S.C. 3147 would satisfy this requirement. Similarly, if the applicable adjusted guideline range is 30-37 months and the court determines a "total punishment" of 30 months is appropriate, a sentence of 24 months for the underlying offense plus 6 months under 18 U.S.C. 3147 would satisfy this requirement.

(Italics by Kopf.)

The Eighth Circuit has held that the three-level increase under section 3C1.3 is to be applied before determining the combined offense level under section 3D1.4. *See United States v. Wright*, 401 F. App'x 168, 170 (8th Cir. 2010) ("The Application Instructions to the guidelines indicate that adjustments under Part C of Chapter 3 are to be applied before adjustments to the offense level under Part D of Chapter 3.").

The Eighth Circuit has also held that because the exclusionary provision of U.S.S.G. § 3D1.1(b) (1) "only applies to statutory punishments for specific criminal acts, . . . it does not bar the application of grouping rules to an offense subject to 18 U.S.C. § 3147 (1988)." *Lincoln*, 956 F.2d at 1470[4]. The Court in *Lincoln* further indicated that when a defendant is sentenced for multiple offenses committed on release, "the guidelines require that consolidated sentences must run concurrently except for enhancements under [former] U.S.S.G. § 2J1.7 and for any sentence that must be consecutively imposed in order to achieve the guidelines' total punishment figure." 956 F.2d at 1474 & n. 8. " Because an enhancement for an offense committed on release 'shall be consecutive to any other sentence of imprisonment,' 18 U.S.C. § 3147 (1988), a defendant may not be permitted to serve the term of such an enhancement concurrently to any other term of imprisonment. Thus, for example, a defendant who is convicted of three offenses committed on release that are combined under one of the [grouping] rules may serve all three sentences concurrently, but must serve consecutively each of the three enhancements." *Id.*

---

[4]Section 3D1.1(b)(1) currently provides that "[a]ny count for which the statute (A) specifies a term of imprisonment to be imposed; and (B) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment" is excluded from the operation of the grouping rules. The wording of the guideline was substantively similar when *Lincoln* was decided in 1992.

-3-

Now, to be clear, Mr. Peithman has suffered no prejudice even if a violation of 18 U.S.C. § 3147 is not itself a crime. This is true for two reasons. First, it was part of Peithman's defense that because he was on supervised release, he distanced himself from running Island Smokes and Dirt Cheap. Second, since § 3147 is a sentence enhancement, under *Apprendi* and *Booker* (and their progeny) it may have been necessary to put this matter to a jury and require the government to prove the violation beyond a reasonable doubt.

With the foregoing in mind, I would like counsel for the government and for Mr. Peithman to simultaneously brief the issues of (1) whether the verdict on Count 14 should be vacated with the understanding that the enhancement under § 3147 has been proven beyond a reasonable doubt according to the jury; and (2) how [18 U.S.C. § 3147](18 U.S.C. § 3147) and the Sentencing Guidelines should be applied with respect to the convictions for counts 8, 9, 10, 11, and 12.

IT IS ORDERED:

1. On or before April 14, 2017, the government and Mr. Peithman shall file briefs discussing the matters set out above.

2. Reply briefs may be filed on or before April 21, 2017.

DATED this 30th day of March, 2017.

BY THE COURT:

*s/ Richard G. Kopf*
Senior United States District Judge