IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15CR3091 |
| vs. | |
| ALLEN E. PEITHMAN, JR., SHARON A. ELDER; CORNERSTONE PLAZA, INC., and AEP PROPERTIES, L.L.C., | **PRELIMINARY ORDER OF FORFEITURE** |
| Defendants | |

This matter comes on before the Court upon the United States' Motion for Preliminary Order of Forfeiture (Filing No. 294). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1.     On March 28, 2017, the Defendants, Allen E. Peithman, Jr., Sharon A. Elder, and Cornerstone Plaza, Inc., were found guilty of Count VIII, Conspiracy to Sell Drug Paraphernalia, in violation of 21 U.S.C. § 846; Count IX, Investment of Illicit Drug Proceeds, in violation 21 U.S.C. §§ 841 and 846; and Count XI, Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. §§ 371 and 1341.   All three of those defendants and AEP Properties, L.L.C., were also found guilty of Count XII, Conspiracy to Structure Currency Transactions, , in violation of 18 U.S.C. §§ 371 and 31 U.S.C. §§ 5324(a)(1) and 5324(a)(3). (Filing No. 262).

2.   The jury returned its Special Verdict, (Filing No. 285) on March 29, 2017, forfeiting the Defendants' interests in the following-described properties, which constituted proceeds of such violations and/or were property used or intended to be used to facilitate such violations, and therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. §§ 853(a)(1) and 853(a)(2), 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c):

> a.  Union Bank & Trust business checking account ending in xxxx0947, in the name of Cornerstone Plaza, Inc.;

      b.   3,687 pipes, dugouts, glass pipes, bongs, and water pipes;

      c.   45 containers of rolling papers/wraps;

      d.   572 packages of potpourri.

3.      By virtue of Defendants' convictions, the Defendants have forfeited their interests in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. §§ 853(a)(1) and 853(a)(2), 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c).

4.      The United States' Motion for Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A.      The United States' Motion for Preliminary Order of Forfeiture is hereby sustained.

B.      Based upon the Forfeiture Allegations of the Indictment and the Defendants' conviction, the United States is hereby authorized to seize the following properties:

      a.   Union Bank & Trust business checking account ending in xxxx0947, in the name of Cornerstone Plaza, Inc.;

      b.   3,687 pipes, dugouts, glass pipes, bongs, and water pipes;

      c.   45 containers of rolling papers/wraps;

      d.   572 packages of potpourri.

C.      The Defendants' interests in the properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1), 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. §§ 853(a)(1) and (a)(2), 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c).

D.      The aforementioned properties are to be held by the United States in its secure custody and control.

E.      Pursuant to 21 U.S.C. § 853(n)(1), 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21

U.S.C. §§ 853(a)(1) and (a)(2), 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the  in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject properties must file a Petition with the court within thirty-five days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.    Said published notice shall state the Petition referred to in Paragraph E, above, shall be for a hearing to adjudicate the validity of the Petitioners' interest in the properties, shall be signed by the Petitioners under penalty of perjury, and shall set forth the nature and extent of the Petitioners' right, title or interest in the subject properties and any additional facts supporting the Petitioners' claim and the relief sought.

G.    The United States may also, to the extent practicable, provide direct written notice to any person known to have an interest in the currency subject to this Order as a substitute for published notice as to those persons so notified.

H.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. §§ 853(a)(1) and (a)(2), 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), in which all interests will be addressed.

ORDERED this 5th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge