IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15CR3091 |
| vs. | |
| ALLEN E. PEITHMAN, JR., *et al.*, | **SECOND AMENDED PRELIMINARY ORDER OF FORFEITURE** |
| Defendants. | |

This matter is before the before the Court upon the United States of America's Motion for an Amended Preliminary Order of Forfeiture regarding substitute assets (Filing No. 507). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Amended Money Judgment (Filing No. 506) imposes a money judgment against defendant Allen Peithman in the amount of $58,826.79, a money judgment against defendant Sharon Elder in the amount of $58,826.79, and a joint and several money judgment against defendant Peithman and defendant Elder the in the amount of $1,025,288.75.

2. The Court entered an Order (Filing No. 505) amending its previous Preliminary Order of Forfeiture (Filing No. 296), to include substitute property.

3. The United States has requested an Amended order to fully identify each substitute property subject to forfeiture, including a clarification and specification of the amount of funds subject to forfeiture as substitute property from defense counsel Robert Creager, so that the United States may comply with 21 U.S.C. § 853(n)(1) and in accordance with Fed. R. Crim. P. 32.2(e) and begin publication.

4. In addition, the United States has moved the Court for an Order that directs the United States to seize each of the properties subject to forfeiture as substitute property.

5. Further, the United States requires an Order for the United States to publish and to provide written notice to any person known to have an interest in the property as required by 21 U.S.C. § 853(n)(1) and in accordance with Fed. R. Crim. P. 32.2(e).

6. The following property is subject to forfeiture as substitute property:

    a. Collectible coins and silver bars from safe in basement of residence, currently in the custody of the U.S. Marshal;
    b. $59,895.41 U.S. currency currently in the custody of the Lancaster County Clerk's Office from the sale of the property located at 2733 Randolph St.;
    c. $90,404.82 U.S. currency in the custody of defense counsel Mark Rappl (who originally received approximately $176,040 to his trust account);
    d. $21,675.90 U.S. in the custody of defense counsel Robert Creager, (who originally received approximately $85,000 to his trust account and will pay $5,061.56 to satisfy the Restitution Judgment);
    e. A 2006 Chevrolet Corvette, VIN 1G1YY26U565103906;
    f. A 2004 Mercedes Benz, SL55AMG VIN WDBSK74F04F074207;
    g. The property located at 119 S. 53rd St. Lincoln, NE 68510 (a four-plex of apartments);
    h. The property located at 810 S. 27th St. Lincoln, NE 68510 (a commercial property); and,
    i. The property located at 1075 N. 33rd St. Lincoln, NE 68503.

7. The Motion for an Amended Preliminary Order of Forfeiture should be granted.

    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

    A. The Motion for an Amended Preliminary Order of Forfeiture is hereby granted.

    B. The United States is hereby authorized to seize $59,895.41 U.S. currency currently in the custody of the Lancaster County Clerk's Office from the sale of the property located at 2733 Randolph St. and the Lancaster County Clerk is directed to turnover said funds to the U.S. Marshal.

C. The United States is also authorized to seize the personal property, namely the 2006 Chevrolet Corvette and the 2004 Mercedes Benz, identified above, and the real property identified above.

D. The United States is authorized to seize $90,404.82 U.S. currency from defense counsel Mark Rappel, and $21,675.90 from defense counsel Robert Creager and counsel are directed to turn over said funds to the U.S. Marshal.

E. Defendants' interest in the property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

F. The United States shall hold the property in its secure custody and control.

G. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Preliminary Order of Forfeiture for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property.

H. Pursuant to 21 U.S.C. § 853(n)(2), such notice shall provide that any person, other than the defendants, having or claiming a legal interest in any of the property must file a petition with this Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

I. Pursuant to 21 U.S.C. § 853(n)(3), a petitioner must sign a petition under penalty of perjury and set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

J. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this ___6th___ day of ___February___, 2020.

BY THE COURT:

*Richard J. Kopf*
**Richard J. Kopf**
**Senior United States District Court Judge**